IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03086-BNB

ANTHONY D. SHAPIRO,

    Plaintiff

v.

WARDEN JAMES FALK, Individually and in his Official Capacity,
MAJOR RAYMOND BILDERAYA, Individually and in his Official Capacity,
LIEUTENANT STEVEN WEEDER, Individually and in his Official Capacity,
SERGEANT MARCUS RYNEK, Individually and in his Official Capacity, and
UNIDENTIFIED NORTHERN TRANSPORT UNIT CORRECTIONAL OFFICERS 1
THROUGH 20, Individually and in Their Official Capacities,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Anthony D. Shapiro, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint that challenges the conditions of his confinement.  Plaintiff asserts his Fourth Amendment rights were violated pursuant to 42 U.S.C. § 1983, when he was subjected to an unreasonable strip search.  Plaintiff seeks injunctive and declaratory relief and money damages.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  See *Hall*, 935 F.2d at 1110.  Plaintiff will be ordered to file an Amended Complaint and assert how all named parties personally participated in violating his

constitutional rights.

Plaintiff must demonstrate how all named defendants personally participated in a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

Plaintiff must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Further, Plaintiff may use fictitious names, such as John or Jane Doe, or "unidentified Norther Transport Unit Correctional Officers," if he does not know the real names of the individuals who allegedly violated his rights. Plaintiff, however, must provide sufficient information about each fictitiously named defendant so they can be identified for the purpose of service. Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiff file an Amended Complaint consistent with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

      FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, the Court will proceed to review the merits of Plaintiff's claims stated in the November 13, 2013 Complaint.  It is

      FURTHER ORDERED that process shall not issue until further order of the Court.

      DATED November 14, 2013, at Denver, Colorado.

      BY THE COURT:

      s/ Boyd N. Boland
      United States Magistrate Judge