**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-3086-WJM-KMT

ANTHONY D. SHAPIRO,

      Plaintiff,

v.

JAMES FALK, individually and in his official capacity as Warden of the Sterling
Correctional Facility,
RAYMOND BILDERAYA, individually and in his official capacity as major of Custody
and Control of the Sterling Correctional Facility,
STEVEN WEEDER, individually and in his official capacity as Lieutenant of Intake and
Receiving of the Sterling Correctional Facility, Unidentified Northern Transport Unit,
UNIDENTIFIED NORTHERN TRANSPORT UNIT CORRECTIONAL OFFICERS 1
through 20, individually and in their official capacities as Transport officers for the
CDOC, and
MARCUS RYNEK, individually and in his official capacity as Lieutenant of Intake and
Receiving of the Sterling Correctional Facility,

      Defendants.

---

**ORDER ADOPTING AUGUST 26, 2014 RECOMMENDATION OF MAGISTRATE**
**JUDGE AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

---

This matter is before the Court on the August 26, 2014 Recommendation of U.S.

Magistrate Judge Kathleen M. Tafoya ("Recommendation") as to the Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion") (ECF No. 16) filed by

Defendants Warden James Falk, Major Raymond Bilderaya, and Sergeant Marcus

Rynek (collectively "Defendants"[1]).  (ECF No. 20.)  The Recommendation is

---

[1] Plaintiffs' claims are also asserted against Defendants Lieutenant Steven Weeder, and
unidentified Northern Transport Unit Correctional Officers 1 through 20.  (Am. Compl. at 1.)
However, as Defendants Falk, Bilderaya, and Rynek are the moving parties, for purposes of the
instant Motion the Court will refer to those parties as "Defendants".

incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

*Pro se* Plaintiff Anthony D. Shapiro ("Plaintiff") filed a timely objection to the

Recommendation ("Objection").  (ECF No. 25.)  Defendants filed no objection.  For the

foregoing reasons, the Court overrules the Objection, adopts the Recommendation, and

grants in part and denies in part Defendants' Motion.

## I.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommendation] that has been properly

objected to."  Fed. R. Civ. P. 72(b)(3).  In the absence of a timely and specific objection,

"the district court may review a magistrate . . . [judge's] report under any standard it

deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing

*Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory

Committee's Note ("When no timely objection is filed, the court need only satisfy itself

that there is no clear error on the face of the record.").  In conducting its review, "[t]he

district court judge may accept, reject, or modify the recommendation; receive further

evidence; or return the matter to the magistrate judge with instructions."  *Id*.

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe

his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United*

*States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  The Court, however, cannot act as

an advocate for Plaintiff, who must still comply with the fundamental requirements of

the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991).

## II.  DISCUSSION

Neither party objects to the recitation of the factual background set forth by the Magistrate Judge in the Recommendation.  (ECF No. 20 at 2-3.)  Accordingly, the Court adopts and incorporates the factual background detailed in that Recommendation as if set forth herein.  Briefly, Plaintiff is incarcerated at the Sterling Correctional Facility ("SCF") and challenges a group strip search to which he was allegedly subjected on December 6, 2012.  (Am. Compl. (ECF No. 6) pp. 4-6.)  Plaintiff filed his Complaint on November 13, 2013 (ECF No. 1) and his Amended Complaint on November 25, 2013, alleging that the group strip search violated his Fourth Amendment rights.  (Am. Compl. pp. 6-7.)  On February 3, 2014, Defendants' Motion was filed.  (ECF No. 16.)  Plaintiff filed a Response (ECF No. 18) and Defendants filed a Reply (ECF No. 19).

The Magistrate Judge's Recommendation was entered on August 26, 2014, and contains the following findings and conclusions: (1) Plaintiff permissibly alleged Defendant Rynek's identity on information and belief; (2) Plaintiff's claims against Defendants Bilderaya and Falk should be dismissed because Plaintiff fails to allege their personal participation in the alleged constitutional violation; (3) Plaintiff has stated a plausible claim for a constitutional violation and Defendant Rynek is not entitled to qualified immunity; (4) Plaintiff's claim for compensatory damages is not barred by the Prison Litigation Reform Act; (5) Plaintiff has stated a plausible claim for punitive damages; and (6) Plaintiff fails to state a claim for injunctive relief.  (ECF No. 20.)

The only part of the Recommendation to which Plaintiff specifically objects is the final conclusion, that his claim for injunctive relief should be dismissed.  (ECF No. 25 at

3-4.) Because such a claim may only be maintained if Plaintiff "can demonstrate a good chance of being likewise injured in the future", *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991), the Magistrate Judge found that Plaintiff had failed to establish such a likelihood because his allegations of a pattern of group strip searches were conclusory. (ECF No. 20 at 17.)  The Magistrate Judge also noted that Plaintiff's request for injunctive relief was overbroad, as he seeks to bar Defendants from conducting any group strip search of him, even one that is properly justified by a legitimate penological purpose. (*Id.* at 18.)

In his Objection, Plaintiff does not object to the finding in the Recommendation that his injunctive relief claim is overbroad.  However, he contends that he sufficiently alleged other specific incidents in which group strip searches have been conducted at SCF, in that his Amended Complaint cited a case filed by a different plaintiff challenging the same conduct. (*Id.* (citing *Sue v. Colo. Dep't of Corrs.*, No. 07-cv-1711-REB-MJW (D. Colo. Aug. 7, 2007).)  Furthermore, Plaintiff states that his Response to the Motion contained a citation to an additional case challenging abusive strip searches at SCF. (*Id.* (citing *Alward v. Milyard*, No. 12-cv-0878-REB-KLM (D. Colo. Apr. 4, 2012).)

The Court finds these case citations insufficient to allege a likelihood of future injury.  Plaintiff's Amended Complaint cites the *Sue* case only in the context of alleging that the settlement in that case resulted in the implementation of regulations prohibiting group strip searches. (*See* Am. Compl. p. 6.)  The Amended Complaint does not allege that such searches repeatedly occur, or even that the facts as alleged by the *Sue* plaintiff are true.  Similarly, the *Alward* case is cited in Plaintiff's Response in support of

the argument that his Fourth Amendment rights were infringed, and does nothing to

bolster his factual allegations regarding the likelihood of recurring group strip searches.

(*See* ECF No. 18 at 10.)  The Court finds that Plaintiff's deficient allegations have failed

to establish more than a speculative possibility that he is likely to suffer the same injury

in the future, and he has therefore failed to state a valid claim for injunctive relief.  *See*

*Facio*, 929 F.2d at 544.  Accordingly, Plaintiff's Objection as to that aspect of the

Recommendation is overruled.

However, as Plaintiff correctly notes in his Objection, a plaintiff should be

permitted to amend his complaint to resolve pleading deficiencies unless such

amendment would be futile.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219

(10th Cir. 2006).  Although Plaintiff has already once amended his complaint, the

Federal Rules of Civil Procedure require the Court to permit additional amendments

when justice so requires.  Fed. R. Civ. Pro. 15(a).  Accordingly, the Court will permit

Plaintiff to file a Second Amended Complaint to attempt to cure the pleading

deficiencies in his claim for injunctive relief.

As to the remaining, unobjected-to findings and conclusions in the

Recommendation, they are well-reasoned and thorough, and the Court finds no clear

error.  *See Summers*, 927 F.2d at 1167.  Accordingly, the Recommendation is adopted

in its entirety.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  The Recommendation of the Magistrate Judge (ECF No. 20) is ADOPTED IN FULL;

2.  Plaintiff's Objection to the Recommendation (ECF No. 25) is OVERRULED;

3.  Defendants' Motion to Dismiss (ECF No. 18) is GRANTED IN PART and DENIED IN PART;

4.  Plaintiff's claims against Defendants Bilderaya and Falk are DISMISSED, and those defendants shall be dismissed from this action and removed from the case caption in future filings;

5.  Plaintiff's claim for injunctive relief is DISMISSED WITHOUT PREJUDICE;

6.  Defendants' Motion to Dismiss is DENIED in all other respects; and

7.  Plaintiff is GRANTED LEAVE to file a Second Amended Complaint on or before October 10, 2014.


Dated this 18th day of September, 2014.

BY THE COURT:


William J. Martinez
United States District Judge