IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–03086–WJM–KMT

ANTHONY D. SHAPIRO,

      Plaintiff,

v.

MARCUS RYNEK, in his individual and official capacities,
JAMES FALK, in his official capacity, and
UNIDENTIFIED NORTHERN TRANSPORT UNIT CORRECTIONAL OFFICER, in his
individual and official capacities,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Plaintiff's Partially Unopposed Motion for Leave to File Third Amended Complaint" (Doc. No. 53, filed Dec. 15, 2014.)  Defendants' Response was filed on December 22, 2014 (Doc. No. 55) and Plaintiff's Reply was filed on December 23, 2014 (Doc. No. 56).  Accordingly, this matter is ripe for the court's review and recommendation.[1]

Plaintiff seeks leave to file a proposed Third Amended Complaint (Doc. No. 53-1) that (1) substitutes Tobias Trujillo, Steven Doane, and Carlos Chavarria, in their individual and official capacities, for the "Unidentified Northern Transport Unit Correctional Officer" named in the Second Amended Complaint (Doc. No. 42); and (2) adds Rick Raemisch, the Executive Director of the Colorado Department of Corrections (CDOC), as a defendant in his official

---

[1] The court resolves Plaintiff's Motion to Amend through a recommendation rather than an order because it is dispositive of Plaintiff's proposed claim against Mr. Raemisch.

capacity only. Defendants oppose Plaintiff's Motion to Amend only to the extent it seeks to add

Mr. Raemisch as a Defendant.

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave

[to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No.*

*5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen*

*Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the

circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits. In the absence of any apparent or declared reason—such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.—the
> leave sought should, as the rules require, be "freely given." Of course, the grant
> or denial of an opportunity to amend is within the discretion of the District Court,
> but outright refusal to grant the leave without any justifying reason appearing for
> the denial is not an exercise of discretion; it is merely abuse of that discretion and
> inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okla.*, 712 F.2d

444, 446 (10th Cir. 1983).

Defendants argue that Plaintiff's proposed amendments are unduly delayed. However, at

the Scheduling Conference held on November 18, 2014, without any objection from

Defendants,[2] the court set the Deadline for Joinder of Parties and Amendment of Pleadings for

January 5, 2015. (*See* Sched. Order, Doc. No. 46, at 9.a.) Plaintiff's Motion to Amend was filed

one month prior to that deadline. The court declines to reject Plaintiff's proposed amendments

---

[2] Indeed, the Deadline for Joinder of Parties and Amendment of Pleadings in the Scheduling
Order came directly from the proposed scheduling order submitted jointly by the parties. (*See*
Doc. No. 43.)

based on undue delay when he has fully complied with the pertinent court-ordered deadline.  *See Handy v. Diggins*, Case No. 10–cv–02022–WYD– KMT, 2011 WL 7201986, at *2 (D. Colo. Dec. 21, 2011), *recommendation aff'd and adopted at* 2013 WL 415343 (Feb. 8, 2012).

Defendants also argue that Plaintiff's proposed addition of Mr. Raemisch as a defendant is futile because any claim against him is time-barred and fails to state a claim for relief.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir.1999)).  Ordinarily, "[t]he futility question is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim" for relief under Fed.R.Civ.P. 12(b)(6).  *Id.* (citations omitted).  *See also Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (although the statute of limitations is an affirmative defense, questions regarding the statute of limitations may be resolved under Rule 12(b)(6) where the dates given in the complaint make clear that the right sued upon has been extinguished).  However, the Tenth Circuit has held that "a proposed amendment is futile if the complaint is subject to dismissal for *any reason.*"  *Watson ex rel. Watson,* 252 F.3d 1237, 1240-41 (10th Cir. 2001) (emphasis added) (proposed amendment may be rejected as futile where it would not survive a motion for summary judgment).

The court finds that Plaintiff's proposed addition of Mr. Raemisch as a defendant is futile, albeit for reasons different from those argued by Defendants.  First, the court first finds that, to the extent that Plaintiff's proposed official-capacity claim against Mr. Raemisch seeks money damages, it is barred by Eleventh Amendment immunity.

The Eleventh Amendment to the United States Constitution states:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court.  *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  Suits against state officials in their official capacity should be treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007).

Moreover, a § 1983 action may only be brought against a person.  *See* 42 U.S.C. § 1983.  Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983.  *Will*, 491 U.S. at 70–71.

Plaintiff argues that his proposed claim against Mr. Raemisch is permissible because an official capacity claim is viable where the "executive of a government's policy or custom . . . inflict[ed] the injury."  (Reply at 3 (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).)  However, *Monell* established a doctrine of *municipal* liability.  *Monell* liability does not apply to state defendants, nor does it abrogate a state defendant's immunity from official-capacity claims for money damages.  *Will,* 49 U.S. at 70-71.

Here, Plaintiff's proposed claim against Mr. Raemisch in his official capacity is effectively a claim against the CDOC, a branch of the Colorado state government.  *Id.* at 71 ("a

suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). Accordingly, the Eleventh Amendment bars the court from exercising subject matter jurisdiction over Plaintiff's proposed official-capacity claim for money damages against Mr. Raemisch.

The Eleventh Amendment, however, does not immunize Mr. Raemisch from declaratory and injunctive relief. The Supreme Court has recognized an exception to Eleventh Amendment immunity where a plaintiff is seeking prospective enforcement of his or her federal rights. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908). Citizens may seek injunctive and declaratory relief against individual state defendants sued in their official capacity in federal court to "end a continuing violation of federal law." *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (noting "that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law"); *Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1190 (D. Colo. 1999) (concluding that "federal jurisdiction over the individual Defendants in their official capacities for prospective [injunctive] relief is not barred by the Eleventh Amendment and is instead allowed under the *Ex Parte Young* exception").

Nevertheless, the court finds that, to the extent Plaintiff's proposed official-capacity claim against Mr. Raemisch seeks declaratory and injunctive relief, it is redundant of the existing official-capacity claims for injunctive and declaratory relief asserted against Defendants Rynek and Falk. More specifically, as already discussed, official-capacity suits are generally treated as a suit against the government entity of which the officer is an agent. *Kentucky v. Graham,* 473 U.S. 159, 167 (1995). Thus, Plaintiff can obtain injunctive and declaratory relief against the CDOC through the existing official-capacity claims against Defendants Rynek and Falk. *Cf.*

*Stump v. Gates,* 777 F. Supp. 808, 816 n.3 (D. Colo. 1991) (while it is sufficient to name as a defendant either the municipality itself or a municipal officer in his or her official capacity, naming both is redundant).  Accordingly, it is unnecessary for the court to allow Plaintiff to amend his Second Amended Complaint to add an official-capacity claim for declaratory and injunctive relief against Mr. Raemisch.  *See also* Fed. R. Civ. P. 12(f) (on its own motion, "[t]he court may strike from a pleading . . . any redundant . . . matter.").

As final matter, Defendants do not oppose Plaintiff's Motion to Amend to the extent it seeks to substitute proposed defendants Trujillo, Doane, and Chavarria in place of the Unidentified Northern Transport Unit Correctional Officer.  Thus, there has been no showing of, nor does the court otherwise find, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of amendment. Accordingly, the court finds that Plaintiff's Motion to Amend is properly granted to the extent it seeks to add these proposed defendants.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Plaintiff's Partially Unopposed Motion for Leave to File Third Amended Complaint" (Doc. No. 53) be GRANTED in part to the extent it seeks to substitute Tobias Trujillo, Steven Doane, and Carlos Chavarria for the previously-named "Unidentified Northern Transport Unit Correctional Officer" and DENIED in part to the extent it seeks to assert claims against Rick Raemisch, the Executive Director of the CDOC, in his official capacity only.  The court further

RECOMMENDS that District Judge William J. Martinez direct Plaintiff to file a Third Amended Complaint that is consistent with his Order on this Recommendation.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir.

2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 17th day of March, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge