IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-3086-WJM-KMT

ANTHONY D. SHAPIRO,

      Plaintiff,

v.

JOHN CHAPDELAINE, in his official capacity,
MARCUS RYNEK, in his individual and official capacities,
TOBIAS TRUJILLO, in his individual and official capacities,
STEVEN DOANE, in his individual and official capacities, and
CARLOS CHAVARRIA, in his individual and official capacities,

      Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS

---

Plaintiff Anthony Shapiro ("Shapiro"), having filed his Third Amended Complaint (ECF No. 74), now sues the warden of the Sterling Correctional Facility (John Chapdelaine) and four corrections officers (collectively, "Defendants"), accusing all of some degree of involvement in an allegedly unconstitutional strip search. Before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 76.)

Both Defendants' motion and Shapiro's response raise issues already decided by this Court with respect to previous versions of Shapiro's complaint. For the reasons explained below, the Court reaffirms those previous resolutions. Thus, the motion is granted in part and denied in part.

## I. LEGAL STANDARD

Although Defendants move under both Rule 12(b)(1) (lack of subject matter jurisdiction) and Rule 12(b)(6) (failure to state a claim), the analysis below reveals that Defendants' arguments largely require the Court to apply the Rule 12(b)(6) standards. Under that Rule, the Court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## II. FACTS

Shapiro is an inmate in the custody of the Colorado Department of Corrections ("CDOC") and housed at the Sterling Correctional Facility ("Sterling"). (ECF No. 74 ¶ 6.) In August 2006, Shapiro was one among many inmates subject to a mass strip search in the Sterling gymnasium. (*Id.* ¶¶ 18–19.) That search led to multiple lawsuits, although Shapiro was not a plaintiff in any of them. (*Id.* ¶¶ 20–21.) CDOC settled

those lawsuits and changed its regulations to prohibit strip searches in front of other inmates except in cases of emergency.  (*Id.* ¶¶ 22–23.)

On December 6, 2012, Shapiro and ten other inmates were waiting in a "receiving" area at Sterling before being put on a bus to drive them to Denver for court appearances.  (*Id.* ¶¶ 24, 26.)  At some point, either Defendant Chavarria, Defendant Doane, Defendant Rynek, or Defendant Trujillo came to the receiving area and conducted a strip search on all of the inmates present.  (*Id.* ¶¶ 28–37.)  Shapiro later filed a grievance but CDOC declined to grant any relief.  (*Id.* ¶ 45.)  Shapiro argues that "CDOC has never asserted a legitimate penological interest justifying the group strip search, and none exists."  (*Id.* ¶ 46.)

## III.  ANALYSIS

### A.    Official Capacity Claims

Shapiro has named Defendants Chavarria, Doane, Rynek, and Trujillo (collectively, "Individual Capacity Defendants") in both their individual and official capacities.  (ECF No. 74 ¶¶ 7, 9–11.)  The Individual Capacity Defendants argue that they cannot be sued for damages in their official capacities because it would be equivalent to damages against the State of Colorado, which the Eleventh Amendment prohibits in these circumstances.  (ECF No. 76 at 3–4.)  In response, Shapiro clarifies that he seeks damages against these defendants only in their individual capacities. (ECF No. 77 at 3.)  Thus, the question of official-capacity damages is moot.

Shapiro, however, goes on to say that he seeks declaratory relief against the Individual Capacity Defendants in their official capacities.  (*Id.* at 3–4.)  Shapiro

characterizes such declaratory relief as "ancillary to his claim for injunctive relief." (*Id.* at 3.)  There are two problems with this assertion.

First, Shapiro does not specify what sort of declaration he seeks.  To the extent he requests a declaration that the December 2012 strip search was unconstitutional, the Eleventh Amendment does not permit such relief.  *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998) (Eleven Amendment bars parties from using declaratory judgment statute "to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past").

Second, although there is an exception to this rule for declarations ancillary to injunctive relief, Shapiro does not satisfy the standards for that exception because he has not stated a viable claim for injunctive relief.  In a previous complaint, Shapiro requested "[i]njunctive relief enjoining Defendants from strip searching [him] in front of other inmates when being transported."  (ECF No. 6 at 8.)  This Court ruled, however, that Shapiro had failed to establish more than a speculative possibility that he would face the same allegedly unconstitutional conduct in the future, and therefore had not properly pleaded a request for injunctive relief.  (ECF No. 26 at 5 (adopting ECF No. 20 at 17–18).)  The Court nonetheless permitted Shapiro to file an amended complaint "to attempt to cure the pleading deficiencies in his claim for injunctive relief."  (*Id.*)

Shapiro's current complaint does not cure the pre-existing deficiencies.  To be sure, he alleges that he "remains at risk of being unlawfully strip searched" in light of "the prevalence of strip searches at Sterling," the fact that he "has now been unreasonably strip searched in front of other inmates on two separate occasions," and the fact that "CDOC took no action to discipline the officer(s) who conducted the

December 2012 strip search." (ECF No. 74 ¶ 63.)  But again, Shapiro has asserted only two allegedly unlawful strip searches: the first in August 2006, which led to policy changes prohibiting public strip searches absent exigent circumstances; and the second in December 2012, which forms the basis of this lawsuit.  (*Id.* ¶¶ 18–37, 42.)  As the Magistrate Judge previously stated, this fails to establish anything beyond a speculative possibility of future violations.  (ECF No. 20 at 17.)

Moreover, Shapiro does not claim that CDOC's current regulation governing strip searches is unconstitutional.  He claims only that the regulation was violated in his case.  (ECF No. 74 ¶ 58.)  Thus, Shapiro essentially seeks to enjoin the Sterling facility to follow CDOC regulations.  Generally speaking, that is not a permissible injunction, *see Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) ("injunctions simply requiring the defendant to obey the law are too vague to satisfy Rule 65"), and Shapiro does not explain why any exception might apply here.

For all these reasons, Shapiro's requests for injunctive and declaratory relief are dismissed.  Because injunctive and declaratory relief are the only sorts of relief that Shapiro could obtain against Defendant Chapdelaine (who is sued in his official capacity only), Defendant Chapdelaine is dismissed.[1]

---

[1] Previously, Shapiro moved to add the executive director of CDOC as a party for injunctive relief purposes, and the Magistrate Judge recommended denying that motion, reasoning that Shapiro could obtain whatever injunctive relief he seeks against Defendant Rynek in his official capacity.  (ECF No. 59 at 5–6.)  The undersigned adopted that recommendation.  (ECF No. 73.)  Shapiro now points to that ruling as if it confirmed that he had properly pleaded a claim for injunctive relief.  (ECF No. 77 at 9.)  It did not.  All the Court previously held was that, to the extent Shapiro could plead a proper request for injunctive relief, such relief could be obtained through already-joined parties.

**B.      Qualified Immunity & Failure to State a Claim**

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (internal quotation marks omitted).  Defendants attack both of these elements.[2]

This Court already ruled that Shapiro adequately pleaded a Fourth Amendment violation, and that he has a clearly established right to be free from public strip searches absent a legitimate penological justification.  (ECF No. 26 at 3 (adopting ECF No. 20 at 12–15).)  Thus, Defendants are not entitled to qualified immunity on the allegations of the complaint alone.  Defendants state that they are "mindful" of this previous ruling but "note that at the time of the Court's ruling, [Shapiro] was preceding [*sic*] *pro se* in this matter, and therefore, [his] allegations were afforded liberal construction by the Court."  (ECF No. 78 at 6.)  Defendants' implication is that Shapiro's counsel had a duty to plead something more specific than Shapiro's original allegations.

Defendants are correct that *pro se* pleadings are given a liberal construction. (*See* ECF No. 20 at 3–4.)  Nonetheless, the Court had no need to invoke this liberality in order to sustain Shapiro's Fourth Amendment claim as previously pleaded.  (*See id.* at 12–15.)  Shapiro's allegations previously raised, and continue to raise, a legitimate question whether any penological justification permitted Defendants to strip search

---

[2] Defendants' argument against the first element is identical to its argument that Shapiro has failed to state a claim on which relief may be granted.  (*See* ECF No. 76 at 9–12.)  The Court therefore addresses those arguments together in this Part.

Shapiro in front of approximately ten other inmates.  As noted in the Court's prior order, the right to be free from public strip searches absent a legitimate penological justification has been clearly established for many years.  (*Id.* at 15.)  Accordingly, Defendants fail to satisfy the elements of qualified immunity, and Shapiro has sufficiently pleaded a Fourth Amendment violation.

## C.    Compensatory & Nominal Damages

Shapiro pleads no physical injury, and he specifically disavows any intent to seek "damages for mental or psychological anguish."  (ECF No. 74 ¶ 67.)  Shapiro's disavowal is likely motivated by the Prison Litigation Reform Act (PLRA), which prohibits prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Thus, Shapiro appears to be limited to nominal damages.  *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) ("section 1997e(e) does not bar recovery of nominal damages for violations of prisoners' rights").

Defendants argue that Shapiro nonetheless fails to state a claim for nominal damages because he has not specifically requested such damages in his prayer for relief.  (ECF No. 76 at 14 n.8.)  But "the rule seems to be that an award of nominal damages is mandatory upon a finding of a constitutional violation."  *Searles*, 251 F.3d at 879.  This is so even where nominal damages have not been specifically requested. *Boles v. Neet*, 402 F. Supp. 2d 1237, 1245 (D. Colo. 2005) ("although plaintiff did not expressly request nominal damages in his Amended Complaint, the Court agrees with the Magistrate Judge that nominal damages are at least mandatory on a fi[nd]ing of a

constitutional violation"), *aff'd*, 486 F.3d 1177 (10th Cir. 2007).  Accordingly, Defendants' challenge to nominal damages fails.

### D.    Punitive Damages

Finally, Defendants claim that Shapiro has failed to allege facts "which demonstrate Defendants' purported conduct was motivated by evil intent or callous indifference," and so Shapiro may not seek punitive damages.  (ECF No. 76 at 14.) The Court previously held that Shapiro has sufficiently alleged the appropriate state of mind, especially in light of the CDOC regulation prohibiting the sort of strip search that allegedly occurred here.  (ECF No. 26 at 3 (adopting ECF No. 20 at 16–17).) Defendants have offered no reason to overturn that holding.  Defendants' challenge to Shapiro's punitive damages claim therefore fails.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Defendants' Motion to Dismiss (ECF No. 76) is GRANTED to the extent Shapiro seeks declaratory or injunctive relief, and otherwise DENIED; and

2.    Defendant Chapdelaine is dismissed as a party.  The Clerk and the parties shall amend the caption of this case in all future filings to reflect this Order.

Dated this 29th day of October, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge

8